**Alton J. Evans, Jr., Esq.**
*Local Counsel for Subramanian Ganeshkumar*
Betancourt Greco & Evans LLC
151 Bodman Place, Suite 200
Red Bank, New Jersey 07701
Telephone: (732) 530-4646
Email: aevans@bge-law.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUBRAMANIAN GANESHKUMAR<br>Petitioner,<br><br>vs.<br><br>THE STATE OF MARYLAND<br><br>Respondent. | Case No.: 3:25-cv-04145<br><br><br>Returnable: June 16, 2025 |

**PETITIONER'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO
QUASH THE SUBPEONA DUCES TECUM dated April 17, 2025**

TABLE OF CONTENTS

Table of Authorities ................................................................................... ii

PETITIONER'S REPLY ARGUMENT
IN SUPPORT OF THE MOTION TO QUASH ............................................. 1

    I.    THE MOTION TO QUASH
          WAS PROPERLY FILED IN THIS COURT ................................ 1

    II.   THE ISSUANCE OF THE SUBPOENA
          WAS ADMITTEDLY IMPROPER................................................. 8

    III.  THE STATE OF MARYLAND'S ATTEMPTS
          TO JUSTIFY ITS REMAINING REQUESTS FOR
          THE DISCLOSURE OF PETITIONER'S "TELEPHONE
          NUMBERS AND THE DATE, TIME AND DURATION
          OF CALLS" FALL WELL SHORT ................................................ 9

CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**CASE LAW**

Agincourt Gaming, LLC v. Zynga, Inc., 2014 U.S. Dist. LEXIS 114348,
2014 WL 4079555 (D. Nev. Aug. 15, 2014) ............................................................ 3

Capana Swiss Advisors AG v. Rymark Inc.,
2025 U.S. Dist. LEXIS 29070 (E.D. La. Feb. 19, 2025) ..................................... 2, 6

Chestnut v. Kincaid, U.S. Dist. LEXIS 22292 (D. Md. Feb. 7, 2022) ................ 10, 11

Europlay Capital Advisors, LLC v. Does,
323 F.R.D. 328 (C.D. Cal. 2018) ............................................................................ 5

Everlast Roofing, Inc. v. Wilson,
2024 U.S. Dist. LEXIS 123618 (M.D. Pa. July 15, 2024) ................................ 3, 4, 5

Gilbert v. Rare Moon Media, LLC,
 2016 U.S. Dist. LEXIS 3561, 2016 WL 141635 (D. Kan. Jan. 12, 2016) .............. 2

HI. Q. Inc. v. ZeetoGroup, LLC, 2022 U.S. Dist. LEXIS 215133,
2022 WL 17345784 (S.D. Cal. Nov. 29, 2022) ....................................................... 3

PharmaCare U.S., Inc. v. Season 4, LLC,
2024 U.S. Dist. LEXIS 90798 (D.N.J. May 21, 2024) ............................................ 6

Raap v. Brier & Thorn, Inc.,
2017 U.S. Dist. LEXIS 87004 (C.D. Ill. June 7, 2017) ................................... 2, 7, 8

Rardon v. Falcon Safety Prods.,
2023 U.S. App. LEXIS 21865 (3d Cir. Aug. 21, 2023) .......................................... 7

Regents of the Univ. of Cal. v. Kohne,
166 F.R.D. 463, 1996 U.S. Dist. LEXIS 6155 (S.D. Cal. 1996) ............................ 5

Sapia v. HBO, 2022 U.S. Dist. LEXIS 44909, *20 (S.D.N.Y. Mar. 14, 2022) .......... 11

Takeda Pharm. Co. Ltd. v. Caremark RX, LLC,
2023 U.S. Dist. LEXIS 169536, 2023 WL 6201363 (E.D. Pa. 2023) ............... 3, 4, 5

Trooper 1 v. N.Y. State Police,
2024 U.S. Dist. LEXIS 7796 (E.D.N.Y. Jan. 16, 2024) ....................................... 11

XTO Energy, Inc. v. ATD, LLC,
2016 U.S. Dist. LEXIS 57050, 2016 WL 1730171 (D.N.M, Apr. 1, 2016) ............ 3

**THE FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. Rule 45 ..................................................................................*passim*

Fed. R. Civ. P. 45 (c) ....................................................................................*passim*

Rule 45(a)(1)(A)(iii) .........................................................................................2, 5, 8

Fed. R. Civ. P. 45 (d)(3) ..................................................................................2, 3, 8

COMES NOW Petitioner Subramanian Ganeshkumar (hereinafter referred to as "Petitioner Ganesh"), by his undersigned attorneys, and hereby presents this Reply to the State of Maryland's Opposition to Petitioner Ganesh's Motion to Quash a Subpoena Duces Tecum.

## POINT I

## THE MOTION TO QUASH WAS PROPERLY FILED IN THIS COURT

The Motion to Quash was properly filed in this Court because the recipient of the subpoena was Verizon's Legal Compliance Unit. Verizon refers to its Legal Compliance Unit as the Verizon Security Assistance Team (VSAT) which "[e]nsures court orders, search warrants, subpoenas and other legal demands served upon Verizon are processed confidentially and in compliance with all applicable laws, and coordinates court appearances for Verizon Custodian of Records." See, Verizon.com. The Verizon Security Assistance Team is located in the District of New Jersey at 180 Washington Valley Road, Bedminster, New Jersey 07921. See, Verizon.com.

Fed. R. Civ. P. 45 does not expressly define the term "compliance district," but the section of the rule that is entitled "Place of Compliance" provides:

> (2) *For Other Discovery.* A subpoena may command:
> (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
> (B) inspection of premises at the premises to be inspected.

Fed. R. Civ. P. 45 (c). Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c). And a motion to quash is to be filed in the district where compliance is required. Fed. R. Civ. P. 45 (d)(3).

With its opposition to the motion to quash, the Respondent State of Maryland argues that the District of New Jersey is not the proper forum for the motion. ECF # 8. In support of its

position, the Respondent State of Maryland directs the court's attention to a number of cases to support its "majority view" position which is that the "place of compliance" must be the Eastern District of Louisiana because the subpoena at issue commanded the the documents to be sent to New Orleans. ECF # 8.

The Respondent's argument that the "place of compliance" must always be "the location for production identified on the subpoena" sweeps too broad. The argument totally ignores the requirement that the location for production identified on the subpoena must be compliant with Rule 45(c) and its geographical limits. Even the district court for the lead case cited by the Respondent, Capana Swiss Advisors AG v. Rymark Inc., as support for its contention that "'the district where compliance is required" means the "location for production identified on the subpoena," recognized that "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." 2025 U.S. Dist. LEXIS 29070, at * 6.

Many courts that are mindful of the plain language of Rule 45 and the oddness of having an improperly designated place dictate where the subpoena must be challenged have held otherwise. These courts have held that the place where compliance is required depends on where the subpoenaed entity resides or works. See, e.g., Raap v. Brier & Thorn, Inc., 2017 U.S. Dist. LEXIS 87004, at *3 (C.D. Ill. July 7, 2017) ("[T]he Court finds that the better approach is to tie the place of compliance to the location of the subpoenaed person or entity."); Gilbert v. Rare Moon Media, LLC, 2016 U.S. Dist. LEXIS 3561 at *2 (D. Kan. Jan. 12, 2016) ("The place of compliance for a deposition subpoena or subpoena for production of documents, however, must be within 100 miles of where the person resides, is employed, or regularly transacts business or within the state where the person resides, is employed, or regularly transacts business in

2

person."); XTO Energy, Inc. v. ATD, LLC, 2016 U.S. Dist. LEXIS 57050, at *20 (D.N.M. April 1, 2016) ("[Rule 45(d)] provides that motions to quash or enforce a subpoena can be brought in the district where compliance is required—*i.e.*, the district in which the subpoena's recipient resides or works."); Agincourt Gaming, LLC v. Zynga, Inc., 2014 U.S. Dist. LEXIS 114348, at *4 (D. Nev. Aug. 15, 2014) (finding that "Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person," but addressing a situation where the individuals lived and were employed in the same district where the subpoena commanded production). These courts rely on the plain language of Rule 45(c), which provides that a subpoena may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."

With due regard for the conflicting positions, the case law shows that making the 'place of compliance' determination should vary based upon the type of motion filed and the facts available to the reviewing court. Takeda Pharm. Co. Ltd. v. Caremark RX, LLC, 2023 U.S. Dist. LEXIS 169536 at *4 (E.D. Pennsylvania 2023) citing HI. Q, Inc. v. ZeetoGroup, LLC, 2022 U.S. Dist. LEXIS 21513, at *7 (S.D. Cal. Nov. 29, 2022).

In Takeda Pharm. Co. for example, the district court in Pennsylvania accepted that the Eastern District of Pennsylvania was an appropriate venue to consider a motion to compel compliance with a subpoena duces tecum that was served on Caremark in Rhode Island, but which required Caremark to produce documents at the Philadelphia office of Takeda's counsel. 2023 U.S. Dist. LEXIS 169536 at *1. But the court's decision was influenced, for the most part, by the facts that Caremark had not previously objected to the court's jurisdiction and Caremark was not opposing the motion to compel on its merits. Id at * 6. In Everlast Roofing, Inc. v. Wilson, the district court for the Middle District of Pennsylvania denied a motion to quash three

subpoenas. 2024 U.S. Dist. LEXIS 123618 (M.D. Pa. July 15, 2024). The case is cited by the Respondent as support for the rigid proposition that the motion had to be denied "because the subpoenas required documents to be produced in districts other than the Middle District of Pennsylvania." ECF #8, at pg. 5-6. It is true that the documents were required to be produced in districts other than the Middle District of Pennsylvania, but those other districts were districts where each of the subpoena recipients had a business address in Miami, Philadelphia, and Pittsburgh. Everlast Roofing, at *15. In other words, the designated places of compliance for the subpoenas were tethered to the business address of the subpoenaed entities in Miami, Philadelphia, and Pittsburgh, and because the documents were to be produced to legal offices closest to the business address of subpoenaed entities in Miami, Philadelphia, and Pittsburgh, those places met the geographical requirements of Fed. R. Civ. P. 45 (c)(2)(A).

Given a proper understanding of the particular facts in each of the Takeda Pharm. Co. and Everlast Roofing cases, neither provides persuasive argument to support the Respondent's sweeping contention that the "Courts in this Circuit have followed the majority approach" and, therefore, this court cannot be the proper forum for the Petitioner's motion to quash. ECF #8, at pg. 5. Unlike the situation in Takeda Pharm. Co., Petitioner Ganesh did not impliedly concede that the Eastern District of Louisiana was the proper forum to contest the subpoena over the course of sixteen months. On the contrary, Petitioner Ganesh is timely contesting the merits of the subpoena in this jurisdiction, which is where the recipient of the subpoena is located. And unlike the situation in Everlast Roofing, the State of Maryland could have - but did not - make any proper arrangements for Verizon to produce the documents requested in the subpoena within 100 miles of Verizon's business address in Bedminster, New Jersey. Moreover, the Everlast Roofing court was not even following the so called "majority view" because "on the relevant

4

subpoenas the compliance districts are defined using the business addresses of each of the third parties and the Fox Rothschild office which is closest to them." Everlast Roofing at *15. Both were in the same district for each of the subpoenas so it cannot be said that the location of the three Fox Rothschild offices controlled; the location of the three Fox Rothschild offices simply served to satisfy the requirements of Fed. R. Civ. P. 45 (c)(2)(A). Thus, a proper understanding of the Everlast Roofing decision shows that the "place of compliance" should be determined from the subpoena recipient's location.

Notwithstanding the fact that some courts have broadly held that the place to file a motion to quash a subpoena duces tecum is to be determined solely by the location identified on the subpoena where the documents are to be sent without anything more, a proper understanding of the requirements of Rule 45 and the facts in this case demonstrate that the District of New Jersey has the authority to decide Petitioner Ganesh's motion.

First of all, in the case at hand, the subpoena was served on a non-party, Verizon, which accepts and regularly transacts the business of processing legal demands from its location in Bedminster, Jersey.  For purposes of Fed. R. Civ. P. 45(c)(3)(A)(ii), the phrase "regularly transacts business in person" means just what it says and is not to be interpreted under any analysis that courts engage in to determine whether party should be subject to jurisdiction of state for purposes of specific or general jurisdiction. Regents of the Univ. of Cal. v. Kohne, 166 F.R.D. 463, 464 (S.D. Cal. 1996). Consistent with that plain understanding, in Europlay Capital Advisors, LLC v. Does, the Central District of California was addressing a motion to compel Google to respond to a subpoena. 323 F.R.D. 628 (C.D. Cal. 2018). It held that the "place of compliance" was the Northern District of California because:

5

> "it is within 100 miles of where (1) Google is headquartered; (2) Google's custodians of records reside, are employed, and regularly transact business in person; and (3) Google's custodians produced records in response to the Subpoena."

323 F.R.D. 628, 629; see also, PharmaCare U.S., Inc. v. Season 4, LLC, 2024 U.S. Dist. LEXIS 90798, at *4 (D.N.J. May 21, 2024) (Non-party Season 4 was based in Warren New Jersey, it was served with a subpoena duces tecum, and the court noted that the District of New Jersey is the district where Season 4's compliance with the subpoena is required.) For the same reasons, the business address of the Verizon Security Assistance Team in Bedminster, New Jersey satisfies the requirements of Fed. R. Civ. P. 45(c)(3)(A)(ii) and that should control the determination of the "place of compliance" for the purposes of this motion.

This is consistent with a common understanding of what compliance with a subpoena involves. It is plain common sense to understand that Verizon was going to act on, i.e., respond to the subpoena at its place of business in Bedminster, New Jersey. In that sense, Bedminster, New Jersey was the place where Verizon was going to comply with the subpoena, and Verizon was not doing any act in New Orleans with regard to the subpoena. Consistent with Fed. R. Civ. P. 45(c)(2)(A), the only U.S. District Courts within 100 miles of Bedminster, New Jersey are the District of New Jersey in Newark or the District of Pennsylvania in Philadelphia.

Secondly, while the subpoena at issue commanded Verizon to produce the documents requested to the Respondent's lawyers' office in New Orleans, New Orleans is not anywhere near within 100 miles of Bedminster, New Jersey where Verizon regularly transacts its business of processing legal demands. Capana Swiss Advisors AG v. Rymark Inc., 2025 U.S. Dist. LEXIS 29070, at * 6 (E.D. La. Feb. 19, 2025) ("The place of compliance, for either the deposition or document production, must be within 100 miles of where the person resides, is employed, or regularly transacts business."). When the party issuing the subpoena does not

6

comply with Fed. R. Civ. P. 45 (c)(2)(A), it should not be heard to argue that the non-compliant district - *which was improperly chosen solely for the convenience of the issuing party* - is the only place where the subpoena can be challenged.

And there is valid precedent to support for the Petitioner Ganesh's position. In Raap v. Brier & Thorn, Inc., non-party Bank of Springfield was served with a subpoena commanding it to produce documents to an office in Madison, Wisconsin related to an underlying suit pending in the Eastern District of Wisconsin. 2017 U.S. Dist. LEXIS 87004, at *1 (C.D. Ill. June 7, 2017). The court for the Central District of Illinois observed that jurisdiction to quash a subpoena was vested in the court for the district "where compliance is required" and it recognized that the phrase "where compliance is required" was not clearly defined, but the better approach was to tie the place of compliance to the location of the subpoenaed person or entity. Id., at *5-6. The district court held:

> "Bank of Springfield has shown that it is located in and regularly transacts business in Springfield, Illinois. Therefore, this Court is the court for the district in which compliance is required under Rule 45(c)(2)(A). Consequently, this Court has jurisdiction to rule on the Motion to Quash. Because the subpoena compels compliance in a location that is not within 100 miles of where Bank of Springfield is located or transacts business, the subpoena must be quashed or modified."

Raap v. Brier & Thorn, at *9.

Thus, a plain reading of the Federal Rules of Civil Procedure, simple common sense, and application of appropriate precedent support the conclusion that the place of compliance for the Verizon Subpoena was in the District of New Jersey and the instant motion to quash was properly filed in the District of New Jersey. Cf., Rardon v. Falcon Safety Prods., 2023 U.S. App. LEXIS 21865 (3d Cir. Aug. 21, 2023)(The Appellate Court was reviewing orders related to a subpoenas ad testificandum, but noted: "[t]he United States District Court for the Eastern District of Pennsylvania had jurisdiction over the motions to quash the subpoenas pursuant to Federal

7

Rule of Civil Procedure 45 because compliance with the subpoena was required at CRC's principal place of business in Horsham, Pennsylvania."). Simply put, the U.S. District Court for the District of New Jersey has the authority to consider the Petitioner Ganesh's motion, it is just for the Court to do so, and Verizon subpoena should be quashed for the reasons presented herein.

## POINT II

### THE ISSUANCE OF THE SUBPOENA WAS ADMITTEDLY IMPROPER

The Subpoena Duces Tecum, dated April 17, 2025, commands Verizon to produce:

> "Certified copies of all records relating to phone number XXX-XXX-8594, including any and all incoming and outgoing call logs, text messages, text message logs, and data usage logs for such phone number between 12:01 central time on March 26, 2024 to 11:59 pm on April 17, 2025."

See, ECF # 1-3.

With its Opposition to the Petitioner Ganesh's Motion to Quash a Subpoena Duces Tecum, the State of Maryland stated that it recognizes that applicable law prohibits Verizon from disclosing the substance of text message logs, and the State of Maryland advised the court that "Claimants withdraw their subpoena to the extent it seeks such information from Verizon. ECF # 8, at page 8 of 11.

Respondent State of Maryland is, therefore, conceding that the subpoena was at least partially improper. That concession should, in and of itself, be a sufficient ground to quash the whole subpoena.

8

# POINT III

## THE STATE OF MARYLAND'S ATTEMPTS TO JUSTIFY ITS REMAINING REQUESTS FOR THE DISCLOSURE OF PETITIONER'S "TELEPHONE NUMBERS AND THE DATE, TIME AND DURATION OF CALLS" FALL WELL SHORT

The State of Maryland's attempt to subpoena the Petitioner's records of phone calls and text messages for over a year is a classic example of a fishing expedition. And the State of Maryland's insistence to obtain a modified production of the Petitioner's call and text logs is not warranted under the facts presented. Indeed, the State of Maryland's baseless argument that the subpoena is only seeking "relevant information" just serves to demonstrate that the State of Maryland is engaged in a fishing expedition.

Initially, the State of Maryland sought to obtain copies of "all non-privileged emails and/or text messages that [Mr. Ganeshkumar] sent or received concerning the M/V DALI and/or the events of March 25, 2024, and March 26, 2024" by way of a subpoena to Petitioner Ganesh. ECF # 8, at pg. 3. That subpoena was responded to with appropriate objections, and the State of Maryland was advised that Petitioner Ganesh did not believe he possessed any non-privileged email or text correspondence concerning the M/V DALI and/or the events of March 25, 2024, and March 26, 2024. ECF # 8, at pg. 3. Petitioner Ganesh simply did not discuss the topic in electronic correspondence for a variety of reasons. But the State of Maryland was not satisfied with the response, and it issued its subpoena to Verizon which sought to obtain all of the text messages (without any subject matter limitation), as well as the call and text logs, for an entire year after the underlying accident. See, ECF # 1-3. Because Verizon is prohibited by law from providing any of Petitioner Ganesh's text messages, the State of Maryland has modified its request and is now only seeking documentation related to the numbers, date, time, and duration of call or exchange that Petitioner Ganesh had with other using his cell phone over the past year.

9

The request is intrusive, but in an effort to now continue justifying its request, the Respondent State of Maryland now simply says that the request is not a "significant intrusion" and they need to who the Petitioner Ganesh spoke to in the full year following the underlying accident because that "such information is relevant to the crux of the parties' claims and defenses (i.e., the circumstances surrounding the allision and who is liable for it)." ECF #8, at pgs. 7-8. The best that the State of Maryland can say is that: "[i]t is beyond likely that … Mr. Ganeshkumar discussed the events of March 26, 2024 and the causes of the allision amongst themselves and with others after the collision." ECF #8, at pg. 8. When looked at in context, the State of Maryland is just offering speculation to obtain the phone numbers of other non-parties with whom Petitioner Ganesh may have communicated with during the year following the accident.

The idea that such information is relevant to the crux of the parties' claims and defenses (i.e., the circumstances surrounding the allision and who is liable for it) is farfetched at best. Speculation is not a sufficient reason to allow the State of Maryland to trample so intrusively on the Petitioner Ganesh's privacy interests and it does not justify seeking a full year's worth of call and text logs to try and identify who Petitioner Ganesh may have spoken to over the course of year on any one of a number of topics that have nothing to do with the accident that occurred on March 26, 2024. The State of Maryland has not presented any evidence to even suggest that Petitioner Ganesh did, in fact, use his cell phone to speak or text about the events of March 26, 2024 and the causes of the allision with his former crew members or others, nor has it shown how the Petitioner Ganesh's phone and text logs will have a marginal benefit with regard to the State of Maryland's "important issues," in the underlying litigation, i.e., the circumstances surrounding the allision and who is liable for it. See, <u>Chestnut v. Kincaid</u>, U.S. Dist. LEXIS

22292, at * 4 (D. Md. Feb. 7, 2022) (quashing a subpoena to T-Mobile that sought access to four years of a non-party's personal phone records based on pure speculation).

Additionally, and notwithstanding the State of Maryland's position that discovery of cell phone call log or text logs has been allowed when they are relevant to the claims and defenses at issue, it needs to be remembered that if the Subpoena is not quashed, Verizon may be revealing the phone numbers of other non-parties who Petitioner Ganesh may have called or who may have called Petitioner Ganesh. That should not be permitted because the courts have disallowed discovery of a non-party's phone number from a party to the litigation as it was viewed to be an unnecessary intrusion into the other non-party's privacy. E.g., Sapia v. HBO, 2022 U.S. Dist. LEXIS 44909, *20 (S.D.N.Y. Mar. 14, 2022); *see also*, Trooper 1 v. N.Y. State Police, 2024 U.S. Dist. LEXIS 7796. * 16 (E.D.N.Y. Jan. 16, 2024) (noting the privacy concerns related to disclosure of telephone numbers for non-parties, subpoenas seeking phone records of non-party witnesses were not allowed as the records sought were deemed to have marginal relevance and highly intrusive).

In sum, there is no showing of need on the part of the State of Maryland to obtain the call and text logs from Petitioner Ganesh's cell phone and, if not quashed, the State of Maryland's subpoena will be an unnecessary intrusion on not only Petitioner Ganesh's privacy rights but maybe the privacy rights of other non-parties as well.

## CONCLUSION

The Motion to Quash was properly filed in this Court because the recipient of the subpoena was Verizon's Legal Compliance Unit in Bedminster, New Jersey and, therefore, the District Court for the District of New Jersey has the authority to hear and decide the Petitioner Ganesh's Motion to Quash. And the Court should grant the Motion to Quash because the

Subpoena served on Verizon was improper in several respects. The Subpoena is invalid on its face as it was not compliant with the requirements of Rule 45 (c), the Subpoena was overbroad insofar as it sought production of documents in violation of the Stored Communications Act, and the State of Maryland has not demonstrated that it has a reasonable need for the remaining information still sought by the Subpoena sufficient enough to justify such an intrusion Petitioner Ganesh's privacy rights. For these reasons, the State of Maryland's subpoena is unreasonable and oppressive such that the Court should quash the subpoena dated April 17, 2025 which commands Verizon to produce Petitioner Ganesh's phone records.

Dated: June 9, 2025

Respectfully submitted,

s/ Alton J. Evans, Jr. (AE6565)
*Local Counsel for Subramanian Ganeshkumar*
Betancourt Greco & Evans LLC
151 Bodman Place, Suite 200
Red Bank, New Jersey 07701
Telephone: (732) 530-4646
Email: aevans@bge-law.com

s/ Owen F. Duffy *(Admitted Pro Hac Vice)*
*Attorney for Subramanian Ganeshkumar*
Law Office of Owen F. Duffy, Esq.
56 Garden City Avenue
P.O. Box 919
Point Lookout, New York 11569
Telephone: (516) 721-8793
Email: Owen@ODuffy-Law.com

12

**Alton J. Evans, Jr., Esq.**
*Local Counsel for Subramanian Ganeshkumar*
Betancourt Greco & Evans LLC
151 Bodman Place, Suite 200
Red Bank, New Jersey 07701
Telephone: (732) 530-4646
Email: aevans@bge-law.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUBRAMANIAN GANESHKUMAR**<br>**Petitioner,**<br><br>vs.<br><br>**THE STATE OF MARYLAND**<br><br>**Respondent.** | **Case No.: 3:25-cv-04145**<br><br>**Certification of Service**<br><br>**Returnable: June 16, 2025** |

　　　　I hereby certify that true and correct copies of the foregoing Reply Memorandum for Petitioner's Motion to Quash the Subpoena issued to Verizon and dated April 17, 2025 was served on June 9, 2005, as follows:

　　　　Via ECF to:

LISKOW & LEWIS
*Attorneys for Respondent,*
*The State of Maryland, on its own*
*behalf and behalf of all its agencies*
11 Broadway, Suite 615
New York, NY 10004
Telephone: (332) 286-5283
whyost@liskow.com

William H. Yost. Esq.

　　　　Via Email to:

LISKOW & LEWIS
*Attorneys for Respondent,*
*The State of Maryland, on its own*　　　　　　TO:　　dreisman@liskow.com
*behalf and behalf of all its agencies*　　　　　　　　　　rkjarrett@liskow.com
701 Poydras Street, Suite 5000　　　　　　　　　　　　jshifalo@liskow.com
New Orleans, LA 70139-5099
Telephone: (504) 581-7979

| | | |
|---|---|---|
| COZEN O'CONNOR<br>3 WTC, 175 Greenwich Street<br>55th Floor<br>New York, NY 10007<br>Telephone: (212) 908-1274<br>Facsimile: (866) 850-7490 | TO: | rphelan@cozen.com<br>dluccaro@cozen.com |
| Cozen O'Connor<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2000<br>lwalker@cozen.com | TO: | lwalker@cozen.com |
| John J. Sullivan<br>HILL RIVKINS LLP<br>45 Broadway - Suite 2110<br>New York, New York 10006-3776<br>Telephone: (212) 669-0609 | TO: | jsullivan@hillrivkins.com |
| Vicki J. Maniatis<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN<br>405 East 50th Street<br>New York, NY 10022<br>Telephone: (516) 640-3913<br>Cell: (516) 491-4665 | TO: | vmaniatis@milberg.com |

s/ *Owen F. Duffy*
Owen F. Duffy, Esq.
*Attorney for Subramanian Ganeshkumar*
*(Admitted Pro Hac Vice)*
Law Office of Owen F. Duffy, Esq.
56 Garden City Avenue
P.O. Box 919
Point Lookout, New York 11569
Telephone: (516) 721-8793
Owen@ODuffy-Law.com

2